In the
# United States District Court
For the
Western District of Wisconsin

Kelly Maday,

Plaintiff,

v.

Case No. 3:26-cv-00803-jdp

Ashland School District Board of Education, and
Ashland School District,

Defendants.

## JOINT REPORT FOR PRELIMINARY PRETRIAL CONFERENCE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and pursuant to this Court's Order setting the Preliminary Pretrial Conference, the parties jointly submit this report.

**1. Nature of the case.**

This is a civil rights action arising out alleged unlawful retaliation against the Plaintiff for things she said during the course of her participation in a March 20, 2024, meeting of the Defendants' Board of Education, which the Plaintiff alleges to have been in violation of her rights to freedom of speech secured by the First Amendment to the Constitution of the United States. The Defendants dispute the Plaintiff's version of the

facts in some respects, deny liability on any and all of the Plaintiff's claims, and assert various affirmative defenses.

**2. The names of any related cases.**

None.

**3. A concise statement of the material factual and legal issues to be resolved at trial.**

a. Did the Plaintiff engage in constitutionally protected activity at the March 20, 2024, School Board meeting?
b. Did Plaintiff suffer a deprivation likely to deter First Amendment activity?
c. Was any protected activity Plaintiff engaged in a motivating factor in the School Board's decision to censure Plaintiff and remove her from committee assignments until the following year; and
d. What, if any, are Plaintiff's damages?

**4. A description of any amendments to the pleadings that any party intends to seek and a brief explanation of the bases for any such amendments.**

No amendments are presently anticipated.

**5. The identity of any new parties any party intends to add and a brief explanation of the bases for any such additions.**

No new parties are anticipated.

**6. A proposed case schedule, including at least the following deadlines, along with an estimated length of trial:**

**a. Motion to amend the pleadings and to add parties:** Six weeks after the Preliminary Pretrial Conference

**b. Expert disclosures (if applicable):**

The parties do not anticipate the need for expert testimony. However, strategic adjustments are always possible and they propose the following dates.

| | |
|---|---|
| Plaintiff's liability experts: | March 12, 2027 |
| Defendants' liability experts: | May 14, 2027 |
| Plaintiff's damages experts: | May 14, 2027 |
| Defendants' damages experts: | June 18, 2027 |

**c. Dispositive motions:** The Court's standard interval before trial is acceptable to the parties.

**d. Close of discovery:** The Court's standard interval before trial is acceptable to the parties.

**e. Trial:** The first available trial date on the Court's calendar after October 31, 2027, is acceptable to the parties.

The parties anticipate that a trial will take two days.

**7. A discovery plan, including all matters set forth in Fed. R. Civ. P. 26(f)(3):**

**A. What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a) (1) were made or will be made?**

Initial disclosures under subdivision (a) (1) of Federal Rule of Civil Procedure 26 will be made by the parties within two weeks after the Preliminary Pretrial Conference. The parties' Initial Disclosures may be transmitted electronically in .pdf format.

In addition to describing responsive documents, the parties agree that each will make any responsive documents in its possession available to all other parties upon request. Copies of documents may be transmitted electronically in .pdf format.

The parties request no other changes in the timing or form of, or the requirement for, said disclosures.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues?**

Discovery may be needed with regard to the events alleged in the pleadings, the Defendants' defenses, and the Plaintiff's alleged damages. At this time the parties are not asking the Court to impose any additional limits on the subjects on which discovery may be undertaken beyond those imposed by the Federal Rules of Civil Procedure, or to require that discovery be conducted in phases or be limited to or focused upon particular issues.

**C. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

**a. A general description of the parties' repositories of discoverable ESI;**

The Defendants created contemporaneous pdf records of some of their proceedings and communications.

**b. How discovery of ESI can and will be limited (e.g., by number of custodians, date ranges);**

The parties propose no particular limits beyond those inherent in Rule 26(b)(1) Fed. R. Civ. Pro.[1]

**c. Methods by which discovery of ESI can and will be facilitated (e.g., key word searches);**

The parties propose no particular methods for facilitating discovery of ESI.

**d. The form in which ESI will be produced.**

The parties propose that electronically stored information be produced in .pdf files or, upon request, native format, if native format is feasible.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Any privilege logs will be served simultaneously with the written responses and/or objections to the document production.

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

The parties request none.

---

[1] Rule 26(b)(1) reads in material part:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**F. Any other orders that should be entered by the Court under subdivision (c) or under Rule 16(b) and (c):**

The parties agree that discovery documents and pleadings may be served by electronic means as set forth in F.R.Civ.P., Rule 5(b)(2)(E) and that electronic service shall be complete upon transmission.

The parties agree that electronically-served documents that require a line-by-line response (such as interrogatories, requests for admissions, and proposed findings of fact) shall also be provided to opposing counsel in word-processing format to facilitate responding, and that discovery responses and documents produced in response to discovery requests may be transmitted electronically as .pdf files.

**8. Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the court should take into account in setting the schedule.**

None.

Dated this Thursday, November 5, 2026.

Respectfully submitted,

Kelly Maday,

Plaintiff,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI 53597-2502

Phone: 608 283-6001
Fax: 608 283 0945
Email: jsolson@scofflaw.com

/s/ Jeff Scott Olson

______________________________
Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF

Dated this Thursday, November 5, 2026.

Respectfully submitted,

Ashland School District Board of Education, and
Ashland School District,

Defendants,

By

AXLEY BRYNELSON LLP
ATTY. LORI MARIE LUBINSKY
State Bar Number 1027575
2 E Mifflin St., Ste. 200
P.O. Box 1767
Madison WI 53701-1767
Phone: (608) 283-6752
Fax: (608) 257-5444
Email: llubinsky@axley.com

/s/ Lori Marie Lubinsky

_____________________________________
Lori Marie Lubinsky

ATTORNEYS FOR DEFENDANTS